## Carey WILLIAMS v. STATE. (No. 12941.)

Court of Criminal Appeals of Texas. Oct. 23, 1929.

Rehearing Denied Nov. 27, 1929.

P. C. Del Barto, of Houston, for appellant. O'Brien Stevens, Cr. Dist. Atty., of Houston, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for three years.

The record is before us without a statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Rob WILLIAMS v. STATE. (No. 13158.)

Court of Criminal Appeals of Texas. Nov. 20, 1929.

Futch & Cooper, of Henderson, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being two years in the penitentiary.

The record is here without a statement of facts. Only one bill of exception is brought forward. It relates to a matter that cannot be appraised without knowing what facts were proven.

The first count in the indictment charged appellant with possessing intoxicating liquor for the purpose of sale; the verdict finds him guilty upon that count. The judgment and sentence recite that appellant was found guilty of "possessing liquor"; they will be reformed, to follow the indictment and verdict, and adjudge appellant to be guilty of possessing intoxicating liquor for the purpose of sale.

As thus reformed, the judgment is affirmed.

## Will WOOD v. STATE. (No. 12712.)

Court of Criminal Appeals of Texas. Nov. 6, 1929.

Earl Swanger, of Huntsville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The unlawful possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The only question presented for review is the sufficiency of the evidence to sustain the verdict. That the appellant possessed and sold whisky is given in the testimony of the state's witnesses. Appellant introduced testimony tending to prove an alibi. The issues were submitted to the jury in a charge against which there is no complaint. The evidence is quite sufficient to support the verdict.

The judgment is affirmed.